**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Marvin Lee Enos,<br><br>Defendant. | No. CR-19-02041-001-TUC-JAS (DTF)<br><br>**ORDER** |

Pending before the Court is Defendant's Appeal of Magistrate Judge's Detention Order (Doc. 21). The Court held a de novo hearing on October 4, 2019, and gave the parties an opportunity to file supplemental briefing by October 19, 2019. (Doc. 25.) The Court took the matter under advisement. In addition to the hearing, the Court reviewed the parties' filings (Docs. 21, 23, 29), Pretrial Services' Bail Reports (Docs. 11, 13), and the transcripts of the previous hearings (Docs. 30, 31).

This Court reviews a Magistrate Judge's detention order de novo. *United States v. Koenig*, 912 F.2d 1190, 1191 (9th Cir. 1990). We review the evidence before the magistrate with no deference and make independent findings. *Id.* at 1192–93. A defendant will be detained prior to trial if there are no conditions that can reasonably assure defendant's appearance and the safety of any other person and the community and the Government proves either that the defendant is a flight risk by a preponderance of the evidence or that the defendant is a danger to the community by clear and convincing evidence after proving that the matter is eligible for a detention hearing under Section 3142(f) of Title 18 of the

United States Code. *See* 18 U.S.C. § 3142(f) and (g); *United States v. Twine*, 344 F.3d 987, 987 (9th Cir. 2003) (per curiam) (considering if a defendant was charged with a crime of violence when detention based solely on dangerousness was challenged); *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991); *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985); *United States v. Montoya*, 486 F. Supp. 2d 996, 1001 (D. Ariz. 2007) (stating that a defendant may be defined "merely on a finding that he is a danger to the community" if charged with a "*per se* 'crime of violence'"); *cf. United States v. Byrd*, 969 F.2d 106, 110 (5th Cir. 1992) (outlining the different cases in which a detention hearing may be held and where dangerousness is sufficient for detention of a defendant); *United States v. Ploof*, 851 F.2d 7, 11 (1st Cir. 1988) ("We believe, however, the structure of the statute and its legislative history make it clear that Congress did not intend to authorize preventive detention unless the judicial officer first finds that one of the § 3142(f) conditions for holding a detention hearing exists."); *United States v. Himler*, 797 F.2d 156, 160 (3r Cir. 1986) ("[The defendant]'s case does not involve any of the offenses specified in subjection (f)(1), nor has there been any claim that he would attempt to obstruct justice or intimidate a witness or juror. Accordingly, we hold that the statute does not authorize the detention of the defendant based on danger to the community from the likelihood that he will if released commit another offense . . . .").

Section 3142(f) of Title 18 of the United States Code, creates seven groups of cases that are eligible for detention hearings: (1) crimes of violence, violations of section 1591, or offenses listed in section 2332b(g)(5)(B) with a maximum sentence of ten (10) years or more, (2) offenses with a maximum sentence of life imprisonment or death, (3) violations of the Controlled Substances Act, the Controlled Substances Import and Export Act, or chapter 705 of Title 46 with a maximum sentence of ten (10) years or more, (4) felony allegations against a person already convicted of two or more offenses described in the three previous groups or the state or local equivalents if federal jurisdiction existed, (5) felony allegations involving a minor victim or involving possession or use of a firearm or destructive device or involving a failure to register under Section 2250 of Title 18 of the

United States Code, (6) there is a serious risk the defendant will flee, and (7) there is a serious risk that defendant will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate a prospective witness or juror.[1]

When considering if any condition could reasonably assure a defendant's presence or safety of community the Court looks to the following factors: the nature and circumstances of the offense charged, the weight of the evidence against the person, the history and characteristics of the person, and the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

The Court may consider hearsay evidence at a detention hearing. Fed. R. Evid. 1101(d)(3); *United States v. Winsor*, 785 F.2d 755, 756 (9th Cir. 1986); *United States v. Bibbs*, 488 F. Supp. 2d 925, 925–26 (N.D. Cal. 2007). The Court will evaluate the reliability of such hearsay evidence in light of the general principles that evidence that is directly from the source and is cross-examined is more reliable.

---

[1] Defendant asserts, and Government agreed, that the Court may not detain Defendant solely based on dangerousness. Defendant bases this argument on *United States v. Twine*, 344 F.3d 987 (9th Cir. 2003). The Court does not agree with the parties' reading of *Twine*, as it would render § 3142 (e)(1) and portions of *Twine* superfluous and is not in line with the cases cited in *Twine*. Section 3142(e)(1) states that "If, after a hearing pursuant to the provisions of subsection (f) of this section, the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required *and the safety of any other person and the community*, such judicial officer *shall order the detention* of the person before trial." (emphasis added). *Twine* was not a case where § 3142(f) could be invoked to require a detention hearing, this is why the Ninth Circuit spent a paragraph deciding if the defendant in *Twine* was charged with a "crime of violence." In fact, the cases cited in *Twine* illustrate this point. *See Byrd*, 969 F.2d at 110 ("[Defendant] could have been detained only if the government had *also* established that the case against him involves a crime of violence." (emphasis in original)); *Ploof*, 851 F.2d at 11 ("[W]here detention is based on dangerousness grounds, it can be ordered only in cases involving one of the circumstances set forth in § 3142(f)(1)."); *Himler*, 797 F.2d at 159 ("Furthermore, a defendant's dangerousness may serve as a basis for pretrial detention."). Accordingly, the Court finds that as this is a crime of violence in line with § 3142(f)(1)(A) and a hearing has been held, if the Court finds by clear and convincing evidence that Defendant is a danger to the community or any person the Court must order him detain regardless of his risk of nonappearance.

## FACTS

Based on the briefs, transcripts, and testimony before the Court, the Court finds the facts to be as follows:

Defendant is alleged to have assaulted and committed aggravated sexual assault[2] against his then long-time partner, L.R.A.,[3] on April 2, 2018. Defendant and L.R.A. have a long relationship and history together, which includes four children and multiple domestic violence arrests and convictions with L.R.A. as the victim.[4] On April 2, 2018, Tohono O'odham Police officers arrested Defendant. Prior to the 2018 arrest, Defendant and L.R.A. lived in the village of Chuichu in Arizona. Defendant was released in October 2018 after his tribal charges were dismissed. Defendant moved to Ventana, Arizona with his mother. His mother has agreed to be a third-party custodian and Pretrial Services has deemed her suitable. Since Defendant's release in 2018, L.R.A. moved to Gila Bend, Arizona. She and Defendant now live over two hours[5] from one another. Further, Defendant has not made direct contact with L.R.A. or their four children since his October 2018 release. L.R.A. does speculate that Defendant has contacted her through his mother and her phone but this is mostly speculation. Prior to his arrest, Defendant lived with his new significant other.

Defendant also struggles with narcotics, alcohol, and mental health issues. Defendant was deemed not suitable for inpatient treatment and as far as the Court is aware there has been no evaluation as to other treatment. Defendant has reported that he had gang affiliations. Magistrate Judge Eric J. Markovich found that "the government's met its burden in establishing Mr. Enos as a danger by clear and convincing evidence." This was based on Defendant's criminal history, particularly with the specific victim in this case, the

---

[2] Defendant and Government agree that Defendant is charged with a crime of violence under § 3142(f)(1)(A).
[3] The Court acknowledges that the victim was named during the dangerousness hearing but will refer to her as she is referred in the indictment.
[4] The criminal history is outlined in the September 3, 2019 hearing. (Doc. 28.)
[5] This is based on the Detective Elkdreamer's testimony. Google maps states that the fastest route from Ventana, Arizona 85634 to Gila Bend, Arizona would take approximately one hour and forty-three minutes. GOOGLE MAPS, http://maps.google.com (follow "Directions" hyperlink; then search starting point field for "Ventana, Arizona" and search destination field for "Gila Bend, Arizona").

seriousness of the instant charges, the length of the violent relationship, and the escalation of the violence against the victim. (Doc. 31 at 32.) Magistrate Judge Markovich believed that any flight risk could be mitigated through conditions.

**<u>ANALYSIS</u>**

First, the Court shall exercise its authority to review the detention order in this matter. This matter was eligible for a detention hearing as Defendant is charged with a crime of violence. 18 U.S.C. § 3142(f)(1)(A). The Court does not find that there is a presumption in this case.

The Court finds that Defendant's presence can be reasonably assured through a condition or a combination of conditions. Defendant's family and life are in Arizona. He has lived in Arizona his entire life. His new relationship is based in Arizona, and his new significant other resides in Arizona. There is no failure to appear charges or convictions in his criminal history. The Court believes that Defendant's presence can be reasonably assured, particularly with conditions.

The Court finds by clear and convincing evidence that Defendant is a danger to the community and that no condition or combination of conditions can reasonably assure the safety of the community or L.R.A. in particular. The Court relies on Defendant's past criminal history involving domestic violence charges and convictions, his long, violent history with L.R.A., the escalation of the violence in his relationship with L.R.A., and his narcotics, alcohol, and mental health issues, without actual treatment options provided, particularly inpatient. The Court does not believe that the proposed third-party custodian will be effective in protecting L.R.A. While, the Court does believe that living two hours from L.R.A. is a good step, this is a mobile society with automobiles at the ready. The Court finds that there are no condition or combination of conditions that can reasonably assure the safety of the community or L.R.A. in particular.

**<u>CONCLUSION</u>**

IT IS ORDERED that Defendant's Appeal of Magistrate Judge's Detention Order (Doc. 21). is denied. The Court finds that Defendant shall remain detained as he presents a

danger to the community that cannot be reasonably ameliorated through any condition or combination of conditions.

IT IS FURTHER ORDERED that this matter is referred back to Magistrate Judge D. Thomas Ferraro for pretrial proceedings in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Crim. P. 59.

Dated this 18th day of October, 2019.

*[Signature]*

Honorable James A. Soto
United States District Judge